ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

May 7, 2012

The Honorable Jeri Yenne
Brazoria County Criminal District Attorney
111 East Locust, Suite 408A
Angleton, Texas 77515

Opinion No. GA-0927

Re: Whether article 4.19 of the Code of Criminal Procedure permits a child under the age of seventeen who has been transferred to criminal court for prosecution to be detained in a facility that does not comply with subsection 51.12(f) of the Family Code (RQ-1012-GA)

Dear Ms. Yenne:

You ask whether, under article 4.19 of the Code of Criminal Procedure, a child under the age of seventeen who has been transferred to criminal court for prosecution may be detained in a facility that does not comply with Family Code subsection 51.12(f).[1]

Article 4.19 of the Code of Criminal Procedure, which we will discuss in more detail below, was added during the regular session of the Eighty-second Legislature by Senate Bill 1209. *See* Act of May 27, 2011, 82d Leg., R.S., ch. 1087, §§ 1, 5, 2011 Tex. Gen. Laws 2822, 2823–24 ("Senate Bill 1209"). Among several changes to juvenile law, Senate Bill 1209 added a section to the Human Resources Code requiring a juvenile board to establish a policy specifying whether certain juveniles certified to be prosecuted as an adult may be detained in a juvenile facility pending trial. Senate Bill 1209, § 3, at 2823 (codified at TEX. HUM. RES. CODE ANN. § 152.0015).

Senate Bill 1209 also amended section 51.12 of the Family Code, concerning the place and conditions of detention of juveniles. Subsection 51.12(f) of the Family Code provides that a child detained in certain buildings "shall be separated by sight and sound from adults detained in the same building." TEX. FAM. CODE ANN. § 51.12(f) (West Supp. 2011). Senate Bill 1209 added a provision that, for purposes of the separation requirements in subsection (f), a juvenile under the age of seventeen who is transferred to criminal court for trial as an adult is to be considered a child. Senate Bill 1209, § 1, at 2822 (codified at TEX. FAM. CODE ANN. § 51.12(f)). Before it was amended by the Legislature, subsection (h) provided that section 51.12 did not apply after a juvenile is transferred

---

[1]*See* Brief from Honorable Jeri Yenne, Brazoria Cnty. Criminal Dist. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Oct. 31, 2011), http://www.texasattorneygeneral.gov/opin ("Requestor's Brief").

to criminal court for prosecution.[2] Senate Bill 1209 narrowed the exception in subsection (h) to juveniles who are at least seventeen years of age. Senate Bill 1209, § 1, at 2822 (codified at TEX. FAM. CODE ANN. § 51.12(h)).

Further, Senate Bill 1209 added article 4.19 to the Code of Criminal Procedure:

> Notwithstanding the order of a juvenile court to detain a child in a certified juvenile detention facility under section 54.02(h), Family Code, the judge of the criminal court having jurisdiction over the child may order the child to be transferred to another facility and treated as an adult as provided by this code.

Senate Bill 1209, § 5, at 2823 (codified at TEX. CODE CRIM. PROC. ANN. art. 4.19). This provision specifically governs juveniles who are being tried as adults in state criminal courts—rather than juvenile courts. TEX. CODE CRIM. PROC. ANN. art. 4.19 (West Supp. 2011); TEX. FAM. CODE ANN. § 54.02(h) (West Supp. 2011). Your request letter suggests that the authority to order that a child be "transferred to another facility and treated as an adult" overrides subsection 51.12(f) of the Family Code, which requires that a child be detained separately from adult detainees. Requestor's Brief at 1.

As the Texas Supreme Court has held, the purpose of statutory construction is to discern and give effect to the Legislature's intent. *20801, Inc. v. Parker*, 249 S.W.3d 392, 396 (Tex. 2008). Legislative intent must be derived "from the entire act and not just isolated portions," and a statute should be interpreted to give effect to all of its provisions. *Id.* Article 4.19 of the Code of Criminal Procedure broadly authorizes a court to order a child "to be transferred to another facility and treated as an adult *as provided by this code*." TEX. CODE CRIM. PROC. ANN. art. 4.19 (West Supp. 2011) (emphasis added). The statute expressly authorizes treating a juvenile as an adult only "as provided by [the Code of Criminal Procedure]." *Id.* The Code of Criminal Procedure generally addresses matters related to the conduct of criminal prosecutions and trials. By authorizing a court to order that a juvenile be "treated as an adult as provided by this code," article 4.19 provides for juveniles, on court order, to be subjected to the provisions of the Code of Criminal Procedure that are normally applicable to adults. Significantly, however, the Code of Criminal Procedure does not generally govern the conditions of detention.

Instead, other statutes govern the condition of confinement for individuals who are detained for criminal conduct. For juveniles, the relevant statute is section 51.12 of the Family Code. *See* TEX. FAM. CODE ANN. § 51.12 (West Supp. 2011) (entitled "Place and Conditions of Detention"). That statute prescribes conditions for the detention of juveniles, including a juvenile who has been certified to stand trial as an adult. *Id.* Subsection (f) provides that a child "shall" be detained in specified buildings separately from adult detainees. *Id.* § 51.12(f). Generally, courts construe the word "shall" as mandatory. *City of Austin v. Sw. Bell Tel. Co.*, 92 S.W.3d 434, 442 (Tex. 2002).

---

[2]Act of May 27, 1995, 74th Leg., R.S., ch. 262, § 12, 1995 Tex. Gen. Laws 2517, 2524.

As noted above, the Legislature amended subsection (f) during the Eighty-second legislative session to specify that a person under age seventeen who is transferred to criminal court for prosecution is considered a child for purposes of the separate-confinement requirement.  Senate Bill 1209, § 1, at 2822.  Further, subsection (h) was amended to restrict the exception so that it only applies to persons who are at least seventeen years of age.  *Id.*  Therefore, subsection (f)'s separation requirements apply to a juvenile who is not seventeen years of age who is certified as an adult for prosecution in criminal court.  TEX. FAM. CODE ANN. § 51.12(f), (h) (West Supp. 2011).  When we construe Code of Criminal Procedure article 4.19 with subsection 51.12(f) of the Family Code, a juvenile certified as an adult may be transferred to a facility and treated as an adult under the Code of Criminal Procedure, but if the juvenile is not at least seventeen years of age, the juvenile is considered a child who must be detained according to the separation requirements of subsection 51.12(f) of the Family Code.  Consequently, we conclude that article 4.19 of the Code of Criminal Procedure does not authorize the detention of a child under the age of seventeen who has been transferred to criminal court for prosecution in a facility that does not comply with subsection 51.12(f) of the Family Code.

## S U M M A R Y

Article 4.19 of the Code of Criminal Procedure does not authorize the detention of a child under the age of seventeen who has been transferred to criminal court for prosecution in a facility that does not comply with Family Code subsection 51.12(f).

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee